IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARISSA JANE SMITH, ) | |
| ) | Civil Action |
| Plaintiff ) | No. 10-cv-257 |
| ) | |
| vs. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant ) | |

O R D E R

NOW, this 24th day of February, 2011, upon consideration of the following documents:

   (1) Plaintiff's Motion for Summary Judgment or, in the Alternative, Plaintiff's Motion for Remand, which motion was filed May 13, 2010;

   (2) Defendant's Response to Request for Review of Plaintiff, which response was filed June 17, 2010;

   (3) Plaintiff's Reply Brief filed July 12, 2010; and

   (4) Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey ("R&R") filed January 19, 2011;

upon consideration of plaintiff's Complaint, defendant's Answer and after a thorough review of the record in this matter; it appearing that neither party filed objections to Magistrate Judge Hey's Report and Recommendation; it further appearing that Magistrate Judge Hey's Report and Recommendation correctly determined the legal and factual issues presented in this case,

IT IS ORDERED that Magistrate Judge Hey's Report and Recommendation is approved and adopted.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment or, in the Alternative, Plaintiff's Motion for Remand is granted in part and denied in part.[1]

IT IS FURTHER ORDERED that judgment is entered in favor of plaintiff Clarissa Jane Smith and against defendant Michael J. Astrue, Commissioner of the Social Security Administration.

IT IS FURTHER ORDERED that the decision of the Commissioner dated April 20, 2009 and affirmed by the Appeals Council on November 24, 2009 which denied benefits to plaintiff Clarissa Jane Smith is reversed.

IT IS FURTHER ORDERED that pursuant to sentence four of 42 U.S.C. § 405(g), this matter is remanded to the Commissioner for further proceedings consistent with Magistrate Judge Hey's Report and Recommendation.[2]

---

[1] Plaintiff styles her motion as a motion for summary judgment with an alternative request for remand. Under previous administrative procedures for Social Security cases in this district, such cases were decided on cross-motions for summary judgment. Motions for summary judgment are no longer contemplated by the procedural practices of this district. (See Docket Entry No. 5, the Procedural Order for this case.) Therefore, I construe plaintiff's motion as a brief and statement of issues in support of request for review, which is required by the Procedural Order in this case.

[2] Specifically, among the further proceedings recommended by Magistrate Judge Hey and approved in this Order which the Administrative Law Judge ("ALJ") shall complete are the following:

> 1. The ALJ shall fully consider the record of plaintiff's mental impairments, as evidenced by the Global Assessment of Functioning ("GAF") scores assigned by

(Footnote 1 continued):

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:


 /s/ James Knoll Gardner            
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 1):

>                    plaintiff's treating psychiatrist, Dr. Rizvi, and the
>                    impact of such impairments on plaintiff's abilities.
>                    (R&R, page 14.)
>
>     2.    Based on a complete review of plaintiff's mental
>           impairments, the ALJ shall reevaluate whether
>           plaintiff's impairments, together or alone, meet or
>           equal the criteria of a listing giving rise to a
>           presumption of disability.  (R&R, page 15.)
>
>     3.    Based on such a review, the ALJ shall revisit this
>           issue of plaintiff's residual functional capacity.
>           (R&R, page 15.)
>
>     4.    If necessary, the ALJ shall obtain additional
>           vocational expert testimony.  (R&R, page 15.)

I note that plaintiff also seeks remand on the issue of whether the ALJ erred in failing to credit plaintiff's treating hepatologist, Dr. Niazi's assessment of plaintiff's abilities to perform work.  Because I approve and adopt Magistrate Judge Hey's recommendation that the ALJ did not err in such a way, I remand the case only for the purposes of completely addressing plaintiff's mental impairments as set forth herein, and as set forth more fully in the R&R.  I do not remand for the purpose of revisiting Dr. Niazi's assessment.